**David Sustaita RUIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35555.

Court of Criminal Appeals of Texas.

March 20, 1963.

No attorney on appeal for appellant.

James E. Barlow, Dist. Atty., James Ernest Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery, with a conviction for an offense of like character alleged for enhancement under Article 62, Vernon's Ann.P.C.; the punishment, life.

The prior conviction for robbery in De Witt County and appellant's identity as being the person so convicted was established by the records, fingerprint comparison, and by the testimony of the Honorable Wiley Cheatham, District Attorney, who prosecuted the case.

The injured party Ramirez, a recent arrival in San Antonio, testified that, while at Connie's Lounge on the night in question and while in the act of paying for some beer, he inadvertently displayed a sum of money which was in his wallet; that appellant and another man who was in his company were customers at the lounge, but Ramirez was unable to positively identify the other man. Ramirez stated that as he left the lounge about closing time a pickup truck passed him as he was walking home, and when he passed a lighted private garage the pickup truck came to a halt in front of him. He stated that appellant and another man got out, came back to him, stuck two long knives into his ribs, and demanded his money; that appellant said, "If you are going to squeal, it will go bad for you," at the same time reaching in his pocket and extracting his billfold and the contents. He stated that he went to the house where he was staying a short distance away, locked himself in, and the following morning reported the incident to the police.

Lydia Garcia testified that she was employed at Connie's Lounge on the night in question; that appellant and one Abraham Sotelo as well as Ramirez were present; that as Ramirez left appellant remarked to her he thought he (Ramirez) had money on his person, and she replied he always did; that as it was then closing time she left, as she had planned, in a pickup truck with appellant and Sotelo; that they saw Ramirez walking, and appellant, who was the driver, brought the pickup to a halt and he and Sotelo alighted; that she became frightened and drove away. She stated that she later returned to the vicinity, picked up ap-

pellant and Sotelo, after which appellant showed her a wallet, said that it belonged to Ramirez, and gave her $20.00.

Appellant did not testify but called his father who testified that appellant was gainfully employed at the time in question and was living with him; however, he was unable to supply an alibi for appellant on the night in question and stated that appellant was not arrested for some five or six days after the offense was alleged to have occurred.

Officer Morin testified that Ramirez reported the matter to him the day after its occurrence and that after some six or seven days of investigation a complaint was filed against appellant and he was arrested.

We find the evidence sufficient to support the conviction.

No bills of exception appear in the record; no brief has been presented; no evidence adduced at the hearing on the motion for a new trial is before us; and no reversible error is reflected by the record.

The judgment is affirmed.